# The Jerome N. Frank Legal Services Organization
YALE LAW SCHOOL

July 30, 2014

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

                                              Re:    *Doe v. Hagenbeck et al.*,
                                                              13 Civ. 2802 (AKH)

Dear Judge Hellerstein:

       On behalf of Plaintiff Jane Doe, we submit this response to the government's July 24, 2014 notice of supplemental authority regarding *Klay v. Panetta*, No. 13-5081 (D.C. Cir. July 18, 2014).

       First, the facts in the instant case are materially different from those at issue in *Klay*. None of the *Klay* plaintiffs was a full-time student at a military service academy when raped or sexually assaulted. *See* First Amended Complaint, *Klay v. Panetta*, No. 12-350 (D.D.C.), ECF No. 3, at ¶ 6-180 (individual plaintiff allegations); *but see id.* ¶ 63 (plaintiff Cummings raped while attending Navy A-School training); *id.* ¶¶ 127, 133-34 (plaintiff Pratt sexually assaulted while attending Marine Aviation Training). This distinction is relevant to application of the *Feres* doctrine as elaborated by the Second Circuit in *Taber v. Maine*, 67 F.3d 1029 (2d Cir. 1995). Nor did Ms. Doe's rape arise out of activity incident to service, *see Plaintiff's Mem. Law in Opp. Govt. Motion to Dismiss*, ECF No. 18 at 23-25, and her claim does not implicate military decision-making in the ways the *Klay* court identified. *Id.* at 25-26. Moreover, the *Klay* defendants were Secretaries of Defense and of the Navy and Commandants of the Marine Corps; Ms. Doe brings *Bivens* claims only against West Point leaders. Decision-making related to the management of an educational institution cannot be equated to the type of military judgments in which the cabinet-level defendants in *Klay* are engaged.

       Second, unlike Jane Doe, the plaintiffs in *Klay* brought no claims pursuant to the Federal Tort Claims Act (FTCA) or Little Tucker Act. *Klay v. Panetta,* slip opinion at 4 ("Plaintiffs did not . . . claim that this alleged misconduct ran afoul of any federal statute that would authorize them to recover damages from the defendants"). Accordingly, the *Klay* opinion is not relevant to the statutory claims pending before this Court.

       Third, in applying the *Feres* doctrine to the *Bivens* claims in *Klay*, the D.C. Circuit did not analyze or even mention the Second Circuit's own comprehensive *Feres* analysis set forth in *Taber v. Maine*, 67 F.3d 1029 (2d Cir. 1995) (holding that *Feres* does not bar recovery by service members for injuries that would not be covered under workers' compensation law). Had the D.C. Circuit applied *Feres* as interpreted in *Taber*, the outcome might well have been different for some or all *Klay* plaintiffs.

       The Constitution and laws of the United States do not permit one set of rules for women and another for men who attend the U.S. Military Academy at West Point, and nothing in *Klay* requires a different result.

        Respectfully submitted,

        By: \_/s/ Michael J. Wishnie\_
        Michael J. Wishnie, Esq. MW1952
        Veterans Legal Services Clinic
        Jerome N. Frank Legal Services Organization
        Yale Law School
        P.O. Box 209090
        New Haven, CT 06520-9090
        Tel: (203) 432-4800

cc:    Christopher Connolly (by ECF and email)
       *Counsel for all defendants*